DECISION. *Page 2 
{¶ 1} Mark Frison was convicted of illegally conveying a deadly weapon into a courthouse. He now appeals his conviction. We affirm.
 I. Ninja Assassin Knife {¶ 2} On day one, Frison tried to enter the Hamilton County Courthouse with a laser pointer. Because laser pointers can be used to shine in peoples' eyes to disrupt proceedings, they are confiscated at the entrance of the courthouse and returned upon exit. When a deputy tried to explain to Frison that he could pick up the pointer on his way out, Frison grabbed the pointer, told the deputy he did not "have time for this fucking bullshit," and turned around and left the building.
 {¶ 3} On day two, Frison again attempted to enter the courthouse. This time, he did not have a laser pointer. He had this:
 {¶ 4} Frison placed his backpack on the metal detector. A deputy saw what appeared to be a knife inside. He asked Frison to open the bag, and sure enough, inside was what was later described — by Frison's witness — as a martial-arts weapon used by ninja assassins. The deputy told Frison he would confiscate the knife because it was a deadly weapon and, strangely enough, could not be brought into the courthouse. This upset Frison, who then asked the uniformed deputy, "Who the fuck are you to tell me what I can bring into the courthouse?" Bad move.
 {¶ 5} The deputy asked Frison for his name. Frison responded, "I don't have to tell you shit." Frison was escorted to the sheriff's office in the courthouse. *Page 3 
Frison continued to be verbally disruptive on the way to the sheriffs office, yelling obscenities through the courthouse halls.
 {¶ 6} There is a time to question authority. But questioning a uniformed person there for the very purpose of making sure weapons do not cross the line seems a tad inappropriate. Perhaps the only worse place for this behavior would be an airport.
 {¶ 7} Frison was arrested — not surprisingly — for illegally conveying a deadly weapon into the courthouse. On appeal, he challenges both the sufficiency and the manifest weight of the evidence used to convict him.
 II. Conviction was Proper {¶ 8} At trial, the state had to prove that Frison had "knowingly convey[ed] or attempt[ed] to convey a deadly weapon * * * into a courthouse."[1]
 {¶ 9} Whether there was sufficient evidence to uphold a conviction is a question of law.[2] A court must determine whether the evidence was legally adequate to sustain a conviction. In this case, the evidence against Frison was legally sufficient to convict him of conveying a deadly weapon into a courthouse. There is no question that the ninja assassin weapon was a deadly weapon. No one disputes that Frison brought it into the courthouse. And his behavior after the deputy had found the knife was adequate to prove that he knew the knife was in his bag.
 {¶ 10} Whether the verdict was against the manifest weight of the evidence is a different question. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether * * * the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The *Page 4 
discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[3]
 {¶ 11} This is definitely not one of those rare, exceptional cases where the evidence weighs heavily against Frison's conviction. Frison showed no surprise when the deputy found his ninja knife. Instead, he began spouting obscenities and refused to give his name. A man who has innocently brought a knife into a courthouse would be more likely to apologize for his mistake than to become combative.
 {¶ 12} The state proved the case against Frison beyond a reasonable doubt. Therefore, we affirm the trial court's judgment.
HENDON and CUNNINGHAM, JJ., concur.
[1] R.C. 2923.123.
[2] State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[3] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. *Page 1